# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**WILLIAM BIGGE,**

      **Plaintiff,**

v.

**C. W. ROBERTS CONTRACTING, INC.,**

      **Defendant,**

_____/

Case No.: 5:24-cv-221-JSM-PRL

## ORDER

Today, the Court conducted a status conference in this case to discuss the ongoing discovery issues and how to keep the case on track. The discovery period, which began eight months ago, is set to close on June 27, 2025.[1] Recognizing the impending deadline, on June 18, 2025, Plaintiff attempted to notice a continuation of Defendant's 30(b)(6) deposition as well as five fact witnesses' depositions to be taken before the close of discovery. Defendant filed motions for a protective order as to these depositions, which the Court granted because Plaintiff unilaterally noticed them without providing sufficient notice and without attempting to coordinate the scheduling with opposing counsel. (Docs. 36, 37, 42).

Now, Plaintiff seeks leave to conduct these depositions. (Doc. 45). At the hearing, Defendant advised that it is not opposed to reopening the 30(b)(6) deposition so long as it is

---

[1] Defendant has filed an emergency motion seeking relief from the Court's June 19, 2025, Order extending discovery through June 27, 2025, based on Plaintiff's purported misrepresentation to the Court that the motion for extension was a "joint" motion. (Doc. 39). This motion remains pending before the district judge.

limited to topics not already asked and answered. As for the five fact witnesses, Defendant objected to the untimeliness of taking the depositions at this late stage in the discovery period. Moreover, while three of the witnesses are current or former employees (Stuart Savoy, Patricia M. Volner, and Robert Horwatich), Defendant does not know how Donna Williamson and Theresa (last name unknown) relate to this litigation.

While the Court has concerns about Plaintiff's diligence in pursuing discovery, it will nevertheless extend the discovery deadline until **July 25, 2025,** for the limited purpose of taking the depositions as set forth below.[2]

1. Plaintiff may continue Defendant's 30(b)(6) deposition limited to topics not already asked and answered. The continuation of the 30(b)(6) deposition (regardless of how many individuals are deposed) shall be limited to a total of seven hours.

2. Plaintiff may depose Stuart Savoy, Patricia M. Volmer, and Robert Horwatich. Because it is unclear how Donna Williamson and Theresa (last name unknown) relate to this action, the Court is disinclined to authorize their untimely depositions.

3. The Court expects counsel to work together to schedule and conduct these depositions on or before July 25, 2025.

**DONE** and **ORDERED** on June 26, 2025.

---

[2] This Order does not impact the deposition of Plaintiff that is set for July 27, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge